## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

ROCHE CONSTRUCTORS, INC.,

         **Plaintiff,**

    vs.

LINCOLN COUNTY, NEBRASKA,

         **Defendant and**
         **Third -Party**
         **Plaintiff,**

    vs.

TREANOR ARCHITECTS, P.A.,

         **Third -Party**
         **Defendant.**

**7:12CV5011**

**PROTECTIVE ORDER**

The Court recognizes that the production of documents carries with it a risk that certain, otherwise privileged documents will be produced inadvertently. The Court also recognizes that is necessary to preserve and maintain the confidentiality of certain information, documents and tangible things that may be identified and produced by the parties during discovery. Accordingly, it is hereby ordered as follows:

1. The inadvertent production of any privileged, or work product documents or other information during discovery in this action shall be without prejudice to any claim that such material is protected by any legally cognizable privilege or evidentiary protection including, but not limited to, the attorney-client privilege or the work product doctrine, and no party shall be held to have waived any rights by such inadvertent production.

2. Upon written notice of an unintentional production by the producing party or oral notice if notice must be delivered at a deposition, the receiving party must promptly return or destroy the specified document and any hard copies the receiving party has and may not use or disclose the information until the privilege claim has been resolved. To the extent that the producing party insists on the return or destruction of electronic copies, rather than disabling the documents from further use or otherwise rendering them inaccessible to the receiving party, the producing party shall bear the costs of the return or destruction of such electronic copies.

3.     To the extent that the information contained in a document subject to a claim has already been used in or described in other documents generated or maintained by the receiving party, the receiving party will sequester such documents until the claim has been resolved.  If the receiving party disclosed the specified information before being notified of its inadvertent production, it must take reasonable steps to retrieve it.  The producing party shall preserve the specified information until the claim is resolved.

4.     The receiving party shall have five (5) days from receipt of notification of the inadvertent production to determine in good faith whether to contest such claim and to notify the producing party in writing of an objection to the claim of privilege and the grounds for that objection.

5.     The producing party will then have five (5) days from the receipt of the objection notice to submit the specified information to the Court under seal for a determination of the claim and will provide the Court with the grounds for the asserted privilege or protection.  Any party may request expedited treatment of any request for the Court's determination of the claim.

6.     Upon a determination by the Court that the specified information is protected by the applicable privilege, and if the specified information has been sequestered rather than returned or destroyed, the specified information shall be returned or destroyed.

7.     Upon a determination by the Court that the specified information is not protected by the applicable privilege, the producing party shall bear the costs of placing the information into any programs or databases from which it was removed or destroyed and render accessible any documents that were disabled or rendered inaccessible, unless otherwise ordered by the Court.

8.     The Clawback Agreement previously agreed to by the Parties, and attached hereto as Exhibit A, is incorporated herein by reference.

9.     Any party or non-party about whom information or material has been or will be    produced to any party in connection with this Litigation (a "Designating Party") may designate any material as "Confidential" under the terms of this Order if the Designating Party believes in good faith that such material contains non-public, confidential, proprietary, or commercially or personally sensitive information that requires the protections provided in this Order ("Protected Document").

10.    A Designating Party shall designate Protected Documents by stamping or labeling such documents and materials in a manner that does not cover or otherwise obscure any of the content of such materials (e.g., documents shall be stamped or labeled at the top or bottom of the page whenever possible, but not over the text).  Except as otherwise indicated in this Order, documents designated as Protected Documents shall be given confidential treatment as set forth below.  Any document designated as a Protected Document is automatically deemed a business record of the producing party for evidentiary purposes and no further foundational requirements are required with respect to all such documents.

11.    Both the Protected Documents and the information contained therein shall be treated as confidential.  Except upon the prior written consent of the Parties or upon further Order of this Court, the Protected Documents or information contained therein may be shown, disseminated or disclosed only to the following persons:

a.    The parties to this litigation, their insurers and sureties;

b.    Counsel of record for any party to this Litigation, including other members and employees of counsels' law firms and any other counsel of record associated to assist in the preparation or trial of this case;

c.    Experts and/or consultants retained by the parties for the preparation or trial of this case; and

d.    The Court, the Court's staff, witnesses and the jury in this case.

12.    Before giving access to any of the Protected Documents or the information contained therein, each person described in paragraph 11 (a and c) above shall be advised of the terms of this Order, shall be given a copy of this Order, and shall agree in writing by signing a copy of this Order to be bound by its terms and to submit to the jurisdiction of this Court.   Upon conclusion of this Litigation, all original Protected Documents shall be returned to counsel for the Designating Party or destroyed by the party holding the same.  All copies of Protected Documents that are provided to experts and/or consultants during the course of this Litigation shall be returned to counsel for the Designating Party counsel or destroyed by the party holding the same.  Copies of any Protected Documents that are deemed necessary for the preservation of files in accordance with controlling ethical and common law rules shall be stored in accordance

with such rules.  With respect to such documents, all counsel shall remain bound by the terms of this Order even after the conclusion of this Litigation.

13.     To the extent that Protected Documents or information contained therein are used in the taking of depositions, such documents or information shall remain subject to the provisions of this Order and such documents attached to the depositions shall be maintained under seal by the clerk or court reporter.  It shall be the responsibility of the Designating Party to notify court reporters (in writing and with a copy of the letter sent to all counsel) of this provision no later than thirty (30) days after the conclusion of any deposition at which Protected Documents or information contained therein are addressed. The failure of the Designating Party to timely notify a court reporter shall constitute a waiver of confidentiality with respect to any Protected Documents used during that deposition.

14.     This Protective Order shall not apply to the disclosure of Protected Documents or the information contained therein at the time of trial or court hearing, through the receipt of Protected Documents into evidence, or through the testimony of witnesses.  The closure of trial proceedings and sealing of the record of a trial involve considerations not presently before the Court.  These issues may be taken up as a separate matter upon the motion of any of the parties at trial.

15.     Protected Documents attached to pleadings filed with the Court shall be filed under restricted access pursuant to NECivR 5.3.

16.     This Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

**IT IS SO ORDERED.**

Dated this 10th day of May, 2013.

BY THE COURT:

 s/ Thomas D. Thalken
United States Magistrate Judge

4